IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Number: 2:24-cr-00369-RMG |
| | ) | |
| | ) | |
| -versus- | ) | **Government's Change of** |
| | ) | **Plea Hearing Memorandum** |
| | ) | **(Corrected)** |
| **JOSEPH JEOME JENKINS** | ) | |

I.      *Summary of Charges and Statutory Penalty*

The Defendant is pleading guilty to Count 1 of the Indictment now pending, which charges a violation of 18 U.S.C. § 922(g)(1) for his possession of a firearm and ammunition on April 18, 2024.  The potential penalty is a maximum term of imprisonment of fifteen (15) years; a fine of $250,000.00; a term of supervised release of three years; and a special assessment of $100.  There is no plea agreement.

II.      *Representation of Parties*

The government is represented by Assistant United States Attorney Sean Kittrell.  The Defendant is represented by Cody Groeber, Esquire.  The investigation was conducted by Special Agent Brian Turk of the Federal Bureau of Investigation.

III.      *Elements*

On or about the date alleged in the indictment, in the District of South Carolina, the Defendant:

a.      previously had been convicted of a crime punishable by a term of imprisonment exceeding one year;

b.      knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;

c.      knowingly possessed, transported, or received the firearm;

1

      d.      and that the possession was in or affecting commerce, because the firearm and ammunition had traveled in interstate or foreign commerce at some point during its existence.

*United States v. Langley*, 62 F.3d 602 (4th Cir. 1995); *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## IV.     *Factual Background for Count 1 (18 U.S.C. §922(g)(1)*

On April 18, 2024, Mr. JENKINS was at the Charleston International Airport with a Southwest Airline boarding ticket for Dallas and thence to Las Vegas. As his backpack went through the X-ray machine, the TSA operator located a black pistol. This was a Smith & Wesson brand, M&P Shield, 9mm, with serial number JDA5189. The firearm was loaded with 6 rounds of 9mm and another in the chamber.

Charleston County Aviation Authority Police Department (CCAAPD) Officers took the backpack and Mr. JENKINS to the squad room. After running his information, officers discovered that he was wanted out of Charleston County for a family court warrant. He was detained.

The gun was checked through NCIC and found to be stolen (Charleston City Police Department, see NIC # G765763101).

Mr. JENKINS was provided *Miranda* warnings, waived them, and spoke, admitting that the firearm was his.

He has several qualifying felony convictions incurred prior to the date of the incident.  He was convicted of burglary 3rd degree on August 28, 2013 (Indictment 2011 GS 10 0776), and strong arm robbery, also on August 28, 2013 (Indictment 2011 GS 10 5658).[1]

The firearm and ammunition were examined by an expert in interstate nexus (ATF Interstate Nexus Examiner Bryce Eikenberg) who determined that the firearm and ammunition

---

[1] This is a corrected memorandum as the defendant reviewed the original and found an error in the listed convictions.

were all manufactured outside of the state of South Carolina and therefore traveled in and affected interstate and/or foreign commerce prior to being possessed by the Defendant.

The Defendant knew he was a convicted felon as the records from the South Carolina Department of Corrections show that he signed a Gun Control Act form prior to the date of the incident on August 14, 2014, as SCDC #356825.

Respectfully Submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: S/: *Sean Kittrell*
Sean Kittrell (#6032)
Assistant United States Attorney
Violent Crime Task Force
151 Meeting Street, Suite 200
Charleston, South Carolina, 29402

Charleston South Carolina
November 15, 2024